HONORABLE BARBARA JACOBS ROTHSTEIN

IN THE UNTIED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY | MDL DOCKET NO. PPA 1407 |
|---|---|
| This document relates to:<br><br>Willie L. Smith v. Bayer Corporation<br>04CV00693-BJR | **ORDER OF DISMISSAL** |

    This matter came before the Court on Defendant's Motion to Dismiss for failure of Plaintiff to cooperate in discovery, in violation of CMO 6.

    Having considered the facts presented concerning Defendant's efforts to obtain discovery and Plaintiff's lack of cooperation by delaying the scheduling of his own deposition and then failing to appear for his deposition which was ultimately scheduled for a date suggested by his counsel, the Court finds that Defendant's Motion is well taken and finds that plaintiff has violated this Court's Case Management Order 6.

    Before dismissing a case for noncompliance with court-ordered discovery, the court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Malone v. United States Postal Serv.,* 833 F.2d 128, 130 (9th Cir. 1987).

124454v1

Plaintiff's failure to cooperate in discovery has not only prejudiced Defendant's ability to mount a defense, but has adversely impacted this Court's ability to manage the MDL 1407 docket in a just, efficient, and expeditious manner. The Plaintiff received numerous requests from defense counsel beginning in January, 2005 and continuing through May, 2005 to reach agreeable dates to schedule fact witnesses' depositions in this case; plaintiff's counsel repeatedly advised defense counsel that plaintiff agreed to dismiss this case, but no dismissal was forthcoming; plaintiff's deposition was ultimately scheduled at a time suggested by plaintiff's counsel, but plaintiff and counsel failed to appear; defense counsel was given no notice that plaintiff would not be appearing for his deposition; and, as a result of plaintiff's failure to appear at his noticed deposition and failure to give notice to defendant's counsel that he would not appear, defendant's counsel traveled a substantial distance and incurred costs and expenses.

This Court has warned plaintiffs in the PPA litigation that failure to follow the Court's CMOs could result in sanctions, including dismissal. There is no indication that plaintiff will cooperate in discovery from this point forward. No less drastic sanction would suffice in this case.

Considering the foregoing, this Court finds that each of the *Malone* factors supports Defendant's motion to dismiss and that this case should be dismissed with prejudice. Further, the Court concludes that it is appropriate that it impose additional, monetary sanctions upon plaintiff by requiring him to pay defendant the total of THREE THOUSAND SIX HUNDRED SEVENTY ONE and 28/100 DOLLARS ($3,671.28) to reimburse it for the fees and costs it incurred in scheduling and attending plaintiff's deposition which he failed to attend.

IT IS NOW, THEREFORE, ORDERED that this matter be DISMISSED with prejudice for failure to comply with CMO 6. Plaintiff is further ORDERED to pay defendant THREE

124454v1

THOUSAND SIX HUNDRED SEVENTY ONE and 28/100 DOLLARS ($3,671.28), within thirty (30) days of the date hereof.

DATED at Seattle, Washington this 24th day of August 2005.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
United States District Judge

Presented by:

MARSHALL, WILLIAMS & GORHAM, L.L.P.

By: /s/ John L. Coble

John L. Coble
Counsel for Defendant,
Bayer Corporation

124454v1